HENRY D. ORGUERRE, assignee of Mora & Navarro, v. CHARLES LULING.

Under a written contract of sale, which is silent as to time of delivery, it is competent to prove a subsequent oral agreement, distinct from the original contract, fixing the time of delivery.

Such proof does not conflict with the rule which excludes parol evidence, enlarging or varying a written contract.

Where the purchaser of goods, under a written agreement, promised that, if the seller would defer delivery, he (the purchaser) would be responsible for any expense

or damage which the seller might sustain by reason of the delay; *held,* that this was a valid agreement, under which the seller might recover expenses of storage, &c., incurred during the delay.

A purchaser of goods, who effects insurance upon them intermediate the sale and the delivery, has no claim upon the seller to be reimbursed for the premium paid, although the goods may have been, in law, at the risk of the seller during the period covered by the insurance.

APPEAL by defendant from a judgment of the Third District Court. This action was brought to recover $26.40, half a month's storage of certain sugars sold by plaintiff's assignors to defendant. The defendant pleaded a general denial, and also set up a counter-claim for $32, paid by him for insurance upon the sugars in question.

It appeared, on the trial, that the sugars were sold by the plaintiff's assignors to the defendant by a written bill of sale. This writing was dated December 1, 1855, and was for " 660 boxes of sugar, at 6¾ cents per pound, cash, in bond." Nothing was said in the agreement as to time of delivery, nor anything as to storage or insurance meantime.

On December 3d, 1855, Navarro, one of plaintiff's assignors, called on the defendant and notified him to send for the sugars. Defendant said, that to receive them then would involve him in great expense, as the vessel that was to take them was not ready. Navarro replied that he and his partner could not wait, as the sugars were an expense to them, besides loss of weight. Defendant replied that he would be responsible for any expense or damage, even loss of weight, if Mora & Navarro would keep them till the 6th or 7th, and said he would pay some money on account of the sale, if desired. Navarro said he wished to know positively on what day defendant would receive the goods. Defendant named the 10th inst.

On December 6th, Navarro called again on defendant, who stated that he could not receive the goods till the 12th. Navarro then asked for $8,000 or $10,000 on account, and defendant paid him $8,000. The goods were not taken by defendant for several days afterwards.

At the time when the goods were sold, they were in public

store. On December 11th, a half month's storage was completed. Store-keepers (it appeared) are entitled to charge a half month's storage, no matter how short a time the goods may be kept in store. As the sugars in question were not taken from store until after the 11th, another half month's storage became due, which Mora & Navarro were compelled to pay. It was to recover this amount that the present action was brought.

The defendant had insured the goods immediately after making the payment of $8,000, above mentioned, paying $32 premium. He claimed to recover this as a counter-claim.

The justice disallowed the counter-claim, and rendered judgment for the amount of the storage; and defendant appealed.

*T. H. Lane*, for the appellant.

I. The case shows a written contract for the sale and delivery of sugar. Evidence to add to the terms of this contract is inadmissible, and should have been rejected. 1. Extrinsic evidence cannot be received to contradict, vary or add to an instrument in writing. *Payne* v. *Ladue*, 1 Hill, 116; *Erwin* v. *Saunders*, 1 Cowen, 249; *Goodyear* v. *Ogden*, 4 Hill, 104; *The Schooner Reeside*, 2 Sumner, 567; *Vail* v. *Adams*, 1 Seld. 155. 2. When no specific time is provided by the contract for the delivery of goods, the law fixes it, and the purchaser has a reasonable time, under the circumstances of the case, to take them away. Chitty on Contracts, 107; *Atwood* v. *Cobb*, 16 Pick. 231; *Crocker* v. *The Franklin Hemp and Flax Co.*, 3 Sumner, 530. 3. In this case the goods could not have been taken until they were in a deliverable state. They were not deliverable until they had been weighed, which was not done until December 16th. Even after that defendant was entitled to a reasonable time for removing them.

II. It was admitted that no insurance could be made upon these goods for a less period than half a month, and that $32 was a reasonable premium. The appellant was entitled to recover this as a counter-claim. The goods continued at the risk of Mora & Navarro until delivery, and, had they been destroyed

before delivery, the $8,000 advanced by defendant would have been recoverable back. *Joyce* v. *Adams*, 4 Seld. 291.

*W. C. Russel*, for respondent.

DALY, J.—When the contract of sale was entered into, on the 1st of December, Mora & Navarro had the right and were bound to deliver the sugars immediately; that is, they were bound to deliver them within a reasonable time. On the 3d of December, they advised Luling that they were ready to deliver, and requested him to send his man for them, but Luling informed them that to receive the sugars then would involve him in great expense, as the vessel was not then ready to receive them; and, upon being told that Mora & Navarro could not wait, as the sugars were then an expense to them, besides loss of weight, he replied that he would be responsible for any *expense* or damage, even that of loss of weight, if Mora & Navarro would keep them until the 6th or 7th of December. Mora & Navarro then desired to know positively what day he would receive them, if he could not receive them on the 6th or 7th; and he answered that he would positively receive them on the 10th. On the 6th, Navarro called on Luling, and Luling told him he could not receive the sugars until the 12th; upon which Navarro asked for $8,000 or $10,000 on account, and Luling paid him $8,000.

This agreement in relation to the time of delivery was distinct, and subsequent to the contract of sale. The contract of sale was in writing—and giving in evidence proof of an oral agreement as to the time of delivery, made after the contract of sale, was not in conflict with the rule which excludes oral evidence, enlarging, altering, or varying a written contract. The written contract was executed, and the sale was not complete until the sugars were weighed and delivered, or an offer made to deliver them after everything had been done which was required on the part of the sellers. In the meanwhile, the possession and the title to the property were in the sellers, and it was at their risk. An agreement, therefore, to defer the delivery, at the request

of and for the benefit of the buyer, was distinct and different from the executed contract of sale; and an undertaking, in consideration thereof, to be responsible for any expense or damage which the sellers might sustain by reason of the delay in the delivery, was a good and valid agreement, under which Mora & Navarro, or their assignee, might recover for any expense or damage they might thereafter be subjected to. By the agreement, Luling was to receive the sugars on the 6th or 7th, or positively on the 10th. On the 6th, he declared that he could not receive them until the 12th. In consequence of the sugars remaining in the public store after the 11th, Mora & Navarro became liable for half a month's storage ($26.40), which they paid, and the sugars were not taken away before the 15th. Luling was to get them through the custom-house and send for them; and if, in consequence of his delay in not getting them through the custom-house, or in not sending for them in time, the sellers were put to the expense of an additional half month's storage, that was an expense for which Luling was liable under the agreement. If he was prevented in obtaining the sugars before the 12th, in consequence of the omission or neglect of Mora & Navarro to do anything that was required on their part to effect a delivery, then they would be chargeable with the expense; but the evidence does not show that the delay was attributable to them, but, on the contrary, there was sufficient evidence to warrant the justice in concluding that it was attributable to Luling.

If Luling, after he had paid the $8,000, saw fit to insure the sugars, concluding that he had an insurable interest to that amount, or an insurable interest to the extent of their value, it was a matter entirely for his own benefit, and he had no claim against Mora & Navarro for the money thus expended. The property, before it was weighed and delivered, was at their risk, and it was at their election to insure it or not. If they did not think fit to insure it for their own protection, Luling could not insure it for them; and if he insured it for his own protection, he could not charge them with the expense. If the property, before it was weighed and ready for delivery, had been de-

stroyed, Mora & Navarro would have been bound to return the $8,000 to Luling. He would not be chargeable with the loss; and delivery having become impossible, the seller would have been bound to restore an advance payment upon a contract for the purchase of goods which it was not in their power to deliver. He may or may not have had an insurable interest to cover the amount he had advanced; but, if he had, Mora & Navarro cannot be compelled to bear the expense of his insuring it.

Judgment affirmed.